UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr98 |
| | ) | |
| GABRIEL C. GROUX, | ) | Sentencing Date: November 29, 2016 |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S POSITION ON SENTENCING

The United States of America, through the undersigned attorneys, respectfully submits this Position on Sentencing in this case. The United States concurs with the findings of the Presentence Investigation Report (PSR), and it further concurs that the Defendant's applicable Sentencing Guidelines range is 0-6 months with a Criminal History Category of I. The government respectfully recommends that the Court impose a sentence of 6 months of imprisonment and 3 years of supervised release.

**I.    INTRODUCTION**

The defendant, while living on Naval Fleet Activities Yokosuka, Japan as a dependent of his active-duty father, broke into the home of a family that resided on the installation and stole approximately $975 in cash, 2000 Japanese yen, and 2 iPhone 4s telephones. While in the residence, the defendant crept into a ten-year-old girl's bedroom and watched her sleep. By his own admission, he had the urge to touch her as he watched her sleep. Later the next day, the defendant destroyed the two iPhones he had stolen. He later confessed his activities to his father, who brought him to NCIS. He admitted to the theft and spontaneously added that he had watched the little girl sleep. He also volunteered that he routinely viewed child pornography on the internet and had urges to touch minor girls. Subsequent forensic examination of electronic

1

equipment within the family's home revealed seven images and twenty thumbnails of suspected child pornography saved on devices to which the defendant had access, as well as various images that constitute child erotica.

## II. PROCEDURAL HISTORY

On July 8, 2016, the United States Attorney's Office for the Eastern District of Virginia filed a one count criminal information, charging the Defendant with theft within the special maritime and territorial jurisdiction of the United States of America, in violation of 18 U.S.C. § 661. On July 22, 2016, the Defendant pleaded guilty to the charged offense.

## III. ARGUMENT

### A. Sentencing Range

Based on the foregoing, Defendant's PSR Total Offense Level is 4, and his Criminal History Category is I. As a result, his sentencing guideline range is 0-6 months.

### B. A Sentence of 3 Months of Imprisonment is Appropriate, Considering the Advisory Nature of the Guidelines and the 18 U.S.C. § 3553(a) Factors.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made clear that sentencing courts should consult [the Sentencing] Guidelines and take them into account when sentencing." 543 U.S. at 264; *see also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker,* 543 U.S. at 264 (quoting 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

1. *Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote the Respect for Law, and to Provide Just Punishment for the Offense (Section 3553(a)(2)(A))*

A sentence of 6 months of imprisonment is necessary to reflect the seriousness of the Defendant's crimes, to provide just punishment for that crime and to promote respect for the law. Although the defendant stole property amounting to $1,392.70, which is a relatively low loss amount, the circumstances surrounding the theft are aggravating. The defendant invaded the privacy of a family's home. He stole their property, but also invaded their privacy further by intruding into a little girl's bedroom. After the theft, the victimized family moved off of the overseas military installation and out into a foreign country, foregoing the many conveniences of

a military installation, because they were so bothered by the defendant's intrusion. That family was truly impacted by the defendant's actions.

2. *Need to Afford Adequate Deterrence and Protect Public from Further Crimes (Section 3553(a)(2)(B)-(C))*

This defendant needs to be deterred from committing similar crimes or escalating his criminal activity in the future. He has admitted that he has stolen from his employer, the Navy Exchange, in the past. He also admitted that he attempted to enter strangers' homes on several other occasions. He confessed that he had urges to touch R.W.'s ten-year-old daughter as she slept, and that he has sexual urges with regard to other minor females. He volunteered to NCIS that he views child pornography online, a statement that was corroborated by the discovery of several images of child pornography on his family's computers.

The government acknowledges that, in paragraph 60 of the PSR, the U.S. Probation Office states that the offense of conviction "substantially underrepresents the seriousness of his criminal behavior." USSG 5K2.0(a)(1)(A). The government does recognize the seriousness of the defendant's confessed fascination with child pornography, particularly within the context of his sexual urges toward the young girl whose room he entered on the night of his offense. However, the government also recognizes countervailing considerations that led to the charging decision in this case. Among those considerations is the fact that, while the forensic analysis of the electronic devices seized from the defendant's residence did lead to the discovery of 7 images and 20 thumbnails of suspected child pornography, the majority of that material was downloaded onto the devices when the defendant was himself a juvenile. He was eighteen and a half years old at the time of the offense of conviction. All but a handful of the images of suspected child pornography had been received when the defendant was less than eighteen years old. The government considered the defendant's age at the time of the downloads, his

4

willingness to accept responsibility, the number of images present, and other evidentiary issues when it made the charging decision in this case.

That being said, the government has grave concerns that the defendant may pose a risk of harm to children in the future if his sexual proclivities go uncorrected. The defendant has agreed to undergo sex offender rehabilitation treatment as a specially negotiated condition of this plea agreement. The government's hope is that treatment will correct the defendant's urges with regard to minor females, but a period of imprisonment is also necessary to demonstrate to the defendant the serious nature of his crimes and dissuade him from criminal activity in the future.

*3. Avoiding Unwarranted Sentence Disparities (Section 3553(a)(6))*

This defendant is the only defendant to enter a guilty plea in this case. All cases are different, but this particular case stands out from other thefts within the special maritime and territorial jurisdiction. The government recognizes that the loss amount in this case is relatively low. However, the invasion of privacy surrounding the theft is high, and the relevant conduct with regard to child pornography is extremely concerning.

The Court may look to the case of *United States v. Coulter,* 2:16cr28, for comparison. In that instance, the defendant pleaded guilty to conspiring to steal government property in excess of $1,000, and took responsibility for stealing a milling machine valued at $1,000. The loss amount in this case is comparable. Aggravating circumstances apart from the loss amount itself were present in the *Coulter* case, wherein a U.S. Navy senior chief abused his position as a military leader to conspire to steal government property. The Court sentenced that defendant to five months of imprisonment. A similar sentence would be appropriate in the instant case, where a relatively low loss amount but aggravating circumstances are again present.

After considering all the offense conduct and surrounding relevant conduct, the government submits that a sentence of 6 months of imprisonment and 3 years of supervised release is appropriate in this case.

4. *Need to Provide Restitution (Section 3553(a)(7))*

Restitution is mandatory in this case. The Defendant is required to enter a Restitution Judgment to the victim, R.W., in the amount of $1,392.70.

5. *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant (Section 3553(a)(1))*

The government has previously addressed the nature and circumstances of the offense. The defendant's history and characteristics reinforce the need for a sentence of imprisonment and a lengthy sentence of supervised release in this case. The defendant has readily admitted to having sexual urges with regard to minor females. He chose R.W.'s family home to break into because of the presence of a little girl's pair of shoes outside the door. The defendant has also disclosed a history of molestation and abuse.

The government and defense have agreed that the defendant will undergo sex offender rehabilitation treatment. The hope is that such treatment will correct the defendant's criminal sexual urges. However, the government cannot be certain that treatment will be sufficient corrective action to prevent the defendant from committing criminal activity with regard to minor children in the future. Therefore, the government emphasizes its recommendation that the Court impose the statutory maximum period of supervised release, to allow the U.S. Probation Office to monitor the defendant's progress and ensure that he does not continue to pose a threat to children in the future.

## IV. CONCLUSION

Based on the foregoing, the United States requests that this Court impose a term of imprisonment of 6 months of imprisonment and 3 years of supervised release.

Respectfully submitted,

DANA BOENTE
UNITED STATES ATTORNEY

By: *Alyssa K. Nichol*
Alyssa Nichol
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-3554
Facsimile: (757) 441-3205
E-mail: Alyssa.Nichol@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of November, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Shawn M. Cline
21A East Queens Way
Hampton, VA 23669
(757) 224-1777
scline@hamptonroadsdefense.com

*/s/ Alyssa K. Nichol*
Alyssa Nichol
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-3554
Facsimile: (757) 441-3205
E-mail: Alyssa.Nichol@usdoj.gov