IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr98 |
| | ) | |
| GABRIEL C. GROUX | ) | |

DEFENDANT'S POSITION ON SENTENCING

The Defendant by and through counsel, Shawn M. Cline, Esq., represents to the court that he has no objections to the presentence report in this case that affect the application of the sentencing guidelines.

Based upon the information set forth in the presentence investigation report, the evidence to be presented by the defense, and taking into consideration the factors in 18 U.S.C. 3553(a), the defense requests a sentence of probation, which represents a guidelines sentence.

The defense notes that Mr. Groux was quite young at the time of the offense, having turned 18 just five months prior. His conduct was most certainly criminal, but in terms of the offense at conviction, the amount of loss was just marginally over the threshold for a felony. It bears consideration that Mr. Groux would never have been apprehended for this crime had he not told his father what he had done, and had his father not responded by turning his son over to NCIS for questioning. Upon questioning, Mr. Groux not only admitted to the full extent of his involvement in the larceny and break in, but also without prompting admitted that he had looked at images of child pornography online. Subsequent forensic analysis of the computer following a search authorization revealed a small number of child pornography and child erotica images, but did not disclose any videos. It was unclear from the analysis which images were accessed before or after Mr. Groux turned 18.

Mr. Groux was forthright with the NCIS agents and disclosed that he had entered the residence that night based upon the presence of sandals from what appeared to be a young girl. Upon entry to the residence, Mr. Groux did in fact see a young girl in the home, but despite urges to the contrary, made no physical contact with her. There is certainly no reason to doubt Mr. Groux's statement in this regard, as the totality of his statement is so clearly unprompted and wholly against his own interest. What was essentially an investigation of a burglary became an investigation into Mr. Groux's sexual deviance based upon his own unsolicited confession.

That said, Mr. Groux and his family (he is only 20 years old and has never lived apart from his parents) have taken aggressive measures in terms of addressing Mr. Groux's mental health and sexual deviance through counseling. Not only has he agreed to undergo sex offender treatment as part of this plea agreement (which clearly would not normally be part of a plea agreement for a violation of 18 U.S.C. §661), he has been undergoing continuous treatment at the Bruder Counseling Center in Virginia Beach to proactively address these issues. In addition, he has willingly agreed to forfeit the contraband electronics and to pay restitution to the victims.

The government acknowledges the "evidentiary issues" presented by the case in their position paper. By agreeing to plead guilty, Mr. Groux has allowed the government to avoid the time and tremendous expense of litigating a trial that would have involved witnesses spread throughout the globe. In addition, while the larceny could have been readily proven, any charges related to the images found on the computer would have been exceedingly difficult to prove, given the small number of images recovered, Mr. Groux having recently been a juvenile, and the aforementioned witness issues.

As it is, Mr. Groux has plead guilty to a felony under circumstances with respect to the amount of loss that more typically would have been resolved as a misdemeanor. The reasons for

this are obvious, in that the location of the action in an occupied dwelling at night is aggravating. But as a result of his acceptance of responsibility, Mr. Groux will face the rest of his life as a convicted felon with a record involving moral turpitude. He already faces considerable challenges, lacking a high school diploma or GED. The additional burden of a felony conviction will no doubt further hinder his development.

It is abundantly clear in the record that Mr. Groux needs help. Perhaps that was what he was seeking when he was so incredibly forthright with the NCIS agents when confronted. Perhaps that's what he was seeking when he told his father that he had committed this crime, a crime for which he would certainly never have been caught absent his own contrition. Mr. Groux has had difficulty forming meaningful relationships with people his own age, having moved around considerably as a child due to his father's military obligations. He expressed to the probation officer that he gets along better with elderly people than those his own age. He was sexually assaulted by a babysitter numerous times when he was approximately 9 years old. He has indicated having very few close friends, and has had multiple suicidal ideations and attempts throughout his childhood. His efforts have obviously been unsuccessful, but the manner in which he has tried (e.g. hanging) and contemplated (e.g. electrocution and jumping off of a building) are cause for considerable concern.

Mr. Groux has never been gainfully employed, and given some of his social impediments, it is difficult to imagine him working in any meaningful capacity. He has, however, volunteered at Sentara Leigh Memorial Hospital, where records indicate he is doing a "fantastic job", volunteering three afternoons per week. This sort of exposure to other adults is no doubt beneficial for him, and combined with therapy will hopefully render him a more able and independent adult.

Ultimately, this is a case that the United States developed exclusively through the contrition of the defendant; first to his father, and subsequently to NCIS. But for his contrition, this unfortunate crime would never have been solved. Mr. Groux deserves considerable credit for his willingness to disclose and discuss his behavior with NCIS. He needs help, and the plea agreement provides a vehicle for that to be provided to him. It also provides for restitution to the victim in this case, such that they may find some closure in this matter. There is no conceivable value in terms of individual or general deterrence in placing this young man in custody for any length of time longer than a day for this crime. The dollar value is quite low as compared to other felony cases, and the aggravating factors were brought to the attention of the United States by the defendant himself.

The guidelines in this case are accurate, and given the low dollar value, the defendant's age, as well as his complete acceptance of responsibility, the low end of probation is appropriate.

Respectfully submitted,

SHAWN M. CLINE
ATTORNEY FOR DEFENDANT

_____/s/_____
Shawn M. Cline
Attorney for Defendant
Virginia State Bar No. 48176
The Law Office of Shawn M. Cline, PC
21A E. Queens Way
Hampton, VA 23669
(757)224-1777
(757)224-0664 fax
scline@hamptonroadsdefense.com

<u>Certificate of Service</u>

I certify that on November 22nd, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Alyssa Nichol, Esquire
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 W. Main St.
Suite 800
Norfolk, VA 23510
Office Number: (757) 441-6331
Facsimile Number (757) 441-0866
Alyssa.nichol@usdog.gov


By:_____/s/_____

Shawn M. Cline
Attorney for Defendant
Virginia State Bar No. 48176
The Law Office of Shawn M. Cline, PC
21A E. Queens Way
Hampton, VA 23669
(757)224-1777
(757)224-0664 fax
scline@hamptonroadsdefense.com